**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4288**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

ANTONIO REZA,

                Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:08-cr-00097-NCT-1)

─────────────

Submitted: October 20, 2010      Decided: December 3, 2010

─────────────

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Gregory Stuart Smith, LAW OFFICES OF GREGORY S. SMITH, Washington, D.C., for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Reza pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). The district court sentenced Reza to 152 months' imprisonment. His attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but asking this court to review whether Reza's guilty plea was properly accepted, whether the district court properly calculated and imposed Reza's sentence, and whether Reza received ineffective assistance of trial counsel. Although Reza was notified of his right to file a pro se supplemental brief, he has not done so. We affirm.

Because Reza did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Reza "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and we exercise that discretion only if the error seriously affects the fairness,

2

integrity or public reputation of judicial proceedings."  Id. at 343 (internal quotation marks omitted).  Reza bears the burden of showing plain error.  Id.

Our review of the record leads us to conclude that the district court conducted a thorough colloquy well within the mandates of Rule 11.  The court ensured that the plea was knowing, voluntary, and supported by an adequate factual basis.  We accordingly affirm Reza's conviction.

Next, counsel questions the reasonableness of Reza's sentence.  This court reviews the reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in this review requires us to ensure that the district court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the  [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Id.  We must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances."  Id.  This court presumes on appeal that a sentence within a properly calculated Guidelines range is reasonable.  United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir.), cert. denied, 130 S. Ct. 3442 (2010).

3

We find no error by the district court. The court properly calculated Reza's Guidelines range. Moreover, the court's statements at Reza's sentencing hearing reflect the requisite individual assessment of the facts pertaining to his sentence. We also find the sentence to be substantively reasonable, as it is within the properly calculated Guidelines range. Reza has not overcome the presumption that the sentence is reasonable. See id.

Finally, the claim that trial counsel may have rendered ineffective assistance is more appropriately considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's alleged deficiencies appear conclusively on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because we find no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Reza's conviction and sentence. This court requires that counsel inform Reza, in writing, of the right to petition the Supreme Court of the United States for further review. If Reza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

4

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reza.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED